UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON SORENSON,<br><br>Defendant. | Case No. CR21-043-RSL<br><br>AMENDED ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE[1] |

This matter comes before the Court on defendant Brandon Sorenson's "Motion for Early Termination of Supervised Release" (Dkt. # 5).

On November 19, 2018, defendant pleaded guilty to being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Dkt. # 2-1. On April 11, 2019, the U.S. District Court for the District of Montana sentenced defendant to 33 months of imprisonment and 3 years of supervised release. Id. Defendant began his term of supervision on January 15, 2021. Dkt. # 1. This Court accepted jurisdiction over defendant on March 15, 2021. Id.

Defendant moves the Court to terminate his supervised release. U.S. Probation and Pretrial Services concurs in this request, stating that defendant "has derived the maximum benefit from supervision and does not appear presently [to] pose a risk to the community." Dkt. # 6 at 2.

---

[1] This Amended Order corrects an error in the footer, which previously read "ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE." The Order is otherwise unmodified.

ORDER GRANTING MOTION FOR EARLY
TERMINATION OF SUPERVISED RELEASE - 1

The Court may "after considering the factors set forth in [18 U.S.C. § 3553(a)] . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). The Court enjoys "discretion to consider a wide range of circumstances when determining whether to grant early termination." United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014) (citing United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999)).

The Court has considered the applicable factors set forth in 18 U.S.C. § 3553(a) and concludes that termination of defendant's term of supervised release is appropriate. Defendant appears to be a low risk to the community. While on supervised release he has complied with the conditions set by the Court, obtained steady employment, developed a prosocial peer group, completed a substance use disorder program, and remained sober. The Court was pleased to learn that defendant chose to voluntarily attend substance abuse treatment meetings after he was no longer required to do so. The Court encourages him to maintain this dual commitment to his sobriety and to serving as a positive role model for his son. Termination of defendant's term of supervised release is therefore warranted by defendant's conduct and the interest of justice. See 18 U.S.C. § 3583(e)(1). The Court wishes defendant and his fiancée a long and happy marriage.

Accordingly, IT IS HEREBY ORDERED that defendant's request for early termination of supervised release (Dkt. # 5) is GRANTED.

DATED this 18th day of July, 2022.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION FOR EARLY
TERMINATION OF SUPERVISED RELEASE - 2